IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| NELSON ROBERT HAYES, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COII/SOG JAMES GAROFALO, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 1:21-cv-2704-LKG <br><br> Dated: December 9, 2022 |

## MEMORANDUM OPINION

In this civil rights action filed under 42 U.S.C. § 1983, inmate Nelson Robert Hayes, Jr. alleges that Defendant CO II James Garofalo used excessive force against him in violation of his Constitutional rights. ECF No. 1. Defendant Garofalo has moved to dismiss the Complaint, or alternatively for summary judgment to be granted in his favor. ECF No. 11. The Clerk of the Court notified Hayes of his right to respond. ECF No. 13. Hayes responded to Garofalo's motion on June 23, 2022.[1] ECF No. 14. After reviewing the pleadings, the Court has determined that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Garofalo's Motion, construed as a motion for summary judgment, will be granted.

**I. Background**

The parties have submitted evidence beyond the four corners of the Complaint, which the Court construes most favorably to Hayes as the non-moving party. On July 16, 2020, a mass disturbance occurred at Central Maryland Correctional Facility ("CMCF"). ECF No. 11-1 at 3;

---

[1] On June 10, 2022, Hayes moved for an extension of time and requested the Court's assistance obtaining documents material to his response. ECF No. 12. Thereafter, before the Court could address the motion, Hayes timely filed his response. Thus, the motion (ECF No. 12) will be denied as moot.

11-2 at 47. During the event, "over 20" inmates assaulted staff, set fires, damaged property, discharged fire extinguishers, and refused to comply with orders. ECF No. 11-2 at 48. Additional teams were called in to assist with the mass disturbance, including the special operations group ("SOG"). *Id.* Once the additional teams arrived, they went "dorm to dorm and secured the inmates with flex cuffs." *Id.*

As part of that process, SOG entered "Howard" dorm, where Hayes was housed. Compl., ECF No. 1 at 2. During that time, inmates were ordered to lay supine on their beds to be cuffed. Garofalo Decl., ECF 11-3 at 1. Garofalo "was assigned to provide long coverage and overwatch for the officers applying flex ties to each inmate in their dorms." *Id.* Hayes avers that, while he was cuffed, Garofalo "discharged his rifle firing his weapon two times at my head [without] warning." ECF No. 1 at 2. Garofalo states that, while on overwatch, he observed Hayes move from his bed toward his locker. ECF No. 11-3 at 1. Although ordered to remain on his bunk, Hayes continued to move toward his locker. *Id.* When Hayes failed to comply, given the "heightened concern for the safety of the officers moving through the dorm area," Garofalo "deployed two paint ball marker rounds" from his FN303 compressed air paintball launcher. *Id.* at 1-2. The paintballs were deployed 25 to 30 feet and were aimed "toward inmate Hayes' torso," but "neither round contacted" Hayes. *Id.* at 2. Thereafter, Hayes complied with officers, and was taken to medical for a post use of force assessment. *Id.* Garofalo avers that use of pepper spray to gain compliance would have been inappropriate in this circumstance due to the proximity of inmates to one another, and the number of officers moving throughout the dorm-style housing. *Id.*

Medical records demonstrate that Hayes was seen on July 16, 2020, for assessment following the use of force. ECF No. 11-2 at 34; ECF No. 14-1 at 8. Hayes was alert, oriented, walked without difficulty, and his vitals were stable. *Id.* He exhibited "[n]o difficulty breathing,

2

chest pain, ... dizziness, or signs or symptoms of distress." *Id.* No injuries were noted, and Hayes "denied any injuries" at that time. *Id.* He was instructed to follow up if his condition changed, and was returned in "stable medical condition." *Id.*

Hayes avers that because of this incident, he was "grouped in with the inmates identified in the riot." Compl., ECF No. 1 at 3. As a result, he was transferred from a lower security facility to a maximum-security prison, incurred various restrictions, and his chances of receiving parole were "ruined." *Id.* As a result of this incident with Garofalo, records reflect that Hayes was charged with violating two institutional rules: engaging in a disruptive act, and possessing, using, or manufacturing a weapon. ECF No. 14-1 at 7; ECF No. 11-2 at 19. Ultimately, Hayes pled guilty to engaging in a disruptive act, and was found not guilty on the weapons charge because "no additional evidence of the weapon was provided." ECF No. 14-4 at 12; ECF No. 11-2 at 88.

## II. Standard of Review

Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor. Such motions implicate the court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Hayes was placed on notice that defendants sought summary judgment (ECF No. 13) and submitted his own record evidence for the Court's consideration. ECF No. 14. Accordingly, the Court considers the sufficiency of the claims under the summary judgment standard. *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Pursuant to Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III. Analysis

In his Complaint, Hayes alleges that Garofalo used excessive force against him in violation of his Constitutional rights. ECF No. 1. Garofalo argues that Hayes failed to state a constitutional claim, the use of force was not excessive, and that he is entitled to qualified immunity.[2] ECF No. 11-1.

---

[2] As summary judgment will be granted on other grounds, it is not necessary to address Defendants' qualified immunity argument.

A.      **Excessive Force**

An inmate may bring an Eighth Amendment challenge to a defendant officer's "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). A viable Eighth Amendment claim involves a subjective and an objective component. "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered [by], or injury inflicted on, the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F. 3d 225, 238 (4th Cir. 2008) (*quoting Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)).

As to the objective component, an inmate must demonstrate his injury is sufficiently serious to rise above the level of de minimis harm. *Id.* at 238 (citing *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992)). As to the subjective component, the inmate must show that the officer acted "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Whether an officer "acted with wantonness" depends on "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response." *Iko*, 535 F.3d at 239 (quoting *Whitley*, 475 U.S. at 321) (internal quotation marks omitted). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether the force used was

necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* at 38.

The undisputed medical evidence demonstrates that Hayes was not injured during this incident. ECF No. 11-2 at 34; ECF No. 14-1 at 8. The absence of any injury to Hayes is evidence that Garofalo deployed only that force which was necessary and appropriate for the situation given Hayes' failure to comply with a direct order during a mass disturbance. ECF 11-3. The record reflects that his actions were taken "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (quoting *Whitley*, 475 U.S. at 320–21). Only two paint balls were deployed, neither of which contacted Hayes, and Hayes was immediately taken to medical for evaluation; an indication that there was no effort to conceal the fact that force was used. Considering the entirety of the record, no Eighth Amendment violation can lie. Garofalo is entitled to summary judgment.

**B. Denial of Due Process**

To the extent Hayes is attempting to bring a claim regarding his reclassification from minimum to maximum security, these claims must be dismissed. Hayes does not enjoy a constitutional right to be housed at any particular facility or receive specific programming "so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). *See also Cole v. Pepper*, No. GJH-18-3097, 2019 WL 470295, at *7 (D. Md. Sept. 30, 2019). Unless the claimed denial presents an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," no such cause of action shall lie. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) *see also Prieto v. Clarke*, 780 F.3d 245, 250 (4th Cir. 2015). Rather, the plaintiff must demonstrate the state's interest in avoiding "erroneous placement [in the challenged confinement] under the state's classification regulations *combined with* . . . harsh and atypical conditions" for Due Process protections to apply. *Id.* (emphasis in original) (citing

*Wilkinson v. Austin*, 545 U.S. 209, 224-45 (2005)). Nothing in the record suggests that Hayes' reclassification resulted in conditions sufficiently harsh or atypical to warrant due process protections.

Additionally, Hayes' allegation that his chances at early release on parole were ruined does not implicate a constitutionally protected liberty interest. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18-19 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). Thus, to the extent Hayes intended to bring this claim before the Court, it fails and will be dismissed.

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a motion for summary judgment, will be GRANTED (ECF No. 11). Hayes' Motion for Extension of Time (ECF No. 12) is DENIED as moot. A separate Order follows.

LYDIA KAY GRIGGSBY
United States District Judge